**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| MICHAEL SANTILLA,<br>o/b/o M.A. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 06-3075 |
| MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |


**MEMORANDUM**

BUCKWALTER S. J.                                                   November 7, 2007

          Currently before the Court are Objections to the Report and Recommendation of

United States Magistrate Judge Jacob P. Hart.  For the reasons set forth below Plaintiff's

objections are overruled, and the Magistrate Judge's Report and Recommendation is approved

and adopted.

**I.  DISCUSSION**

          Plaintiff raises two general objections to the Magistrate Judge's Report and

Recommendation: (1) the ALJ failed to give proper weight to the well-supported opinion of

plaintiff's treating psychologist in the domains of acquiring and using information, attending and

completing tasks and interacting and relating with others; and (2) the ALJ erred by failing to

provide a credibility finding for either plaintiff or his uncle.  Having engaged in a thorough

review of the Magistrate Judge's Report and Recommendation, as well as both Plaintiff's

Objections and Defendant's Response to the Objections, the Court agrees with the ultimate

conclusion reached in the Report and Recommendation.  For purposes of comprehensiveness, however, the Court addresses each of the individual objections.

A.   **Whether the ALJ Appropriately Rejected Plaintiff's Treating Psychologist**

In his primary objection, plaintiff challenges the ALJ's refusal to accord controlling weight of plaintiff's treating psychologist, Kyle Walsh, Ph.D., who imposed marked or extreme impairments in several areas of three domains: acquiring and using information, interacting and relating with others and attending and completing tasks.  The Court discusses each domain individually.

1.   **Acquiring and Using Information**

Plaintiff first contends that the ALJ improperly rejected Dr. Walsh's opinion finding that plaintiff had a marked limitation in this domain.  While the Magistrate Judge did not explicitly disagree with this portion of the ALJ's decision, he conceded that "[o]bjective evidence as to M.A.'s cognitive functioning is inconclusive" and that "it is not clear whether substantial evidence supports the ALJ's finding that [plaintiff's] limitation in acquiring and using information is moderate, and not marked."  Report and Recommendation at pp. 6, 7.  The Court agrees.  Plaintiff has consistently scored below grade level on standardized testing.  (R. 110-123, 125-141, 145-156. R. 157-164, 178-180).  He has repeatedly been diagnosed with Borderline level of intellectual functioning based on multiple IQ test scores and has attended school only in conjunction with full time learning support.  (R. 107, 116, 135, 160, 167-168).  School psychologist Kyle Walsh, Ph.D. imposed a marked level of impairment in seven of 14 elements of functioning in this domain and extreme limitations in two of the 14 elements.  (R. 211).

Likewise, plaintiff's special education teacher Edward Dayton gave plaintiff extreme limitations in four of the 14 elements and marked limitations in two of the 14 elements.  (R. 203).

The ALJ's attempt to discredit this record by virtue of plaintiff's attainment of passing grades in almost all of his classes does not rise to the level of substantial evidence.  See Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) (quotations omitted)(An ALJ may not make "speculative inferences from medical reports" and may not reject a treating physician's opinion "due to his or her own credibility judgments, speculation or lay opinion.").  Plaintiff's grades on 2004-2005 school year report card, obtained in a special education setting, consisted of one F, four D's, four C's, one B and one A in physical education.  (R. 166).  Moreover, the cursory testimony of plaintiff's uncle/guardian that plaintiff has "brought [his grades] up" so he could wrestle, (R. 255), is not, standing alone, sufficient to support the ALJ's statement that plaintiff's "low level of achievement in some subject areas is more motivational."  (R. 30).  Indeed, the ALJ conceded that plaintiff suffers from borderline intellectual functioning as demonstrated by numerous IQ tests.  (R. 30-31).  In light of such a record, the Court cannot affirm the ALJ's finding that plaintiff did not have a marked impairment in this domain.

Nonetheless, this finding does not alter the ultimate outcome of this case.  Under pertinent Social Security regulations, in order for a child to functionally equal a listed impairment, the impairment must cause marked limitations in two broad areas of functioning or extreme limitations in one such area."  20 C.F.R. §§ 416.925(b)(2) and 926a(b)(2).  As discussed below, the Court agrees with the Magistrate Judge that no other marked limitation exists, thereby precluding a finding of disability.

### 2.    Attending and Completing Tasks

Plaintiff's second objection involves the rejection of Dr. Walsh's opinion with respect to the domain of attending and completing tasks.  Upon review, however, the Court agrees with the analysis provided by the Magistrate Judge on this issue.

While the ALJ recognized that both Dr. Walsh and Mr. Dayton imposed marked to extreme limitations in this category, he appropriately discounted these opinions on the grounds that plaintiff had consistently obtained passing grades in his class, had never been left back a grade and often stayed after school by his teacher for additional help with homework or the lessons of the day.  (R. 27, 31-32).  The addition of special education merely allowed plaintiff to function on the level of his unimpaired classmates.  Moreover, the ALJ noted that both Mr. Santilla's testimony at the hearing and his statements on the Children's Activities Questionnaire regarding plaintiff's attempts to put off homework until later and to procrastinate some of his chores were suggestive of nothing more than "a normal back and forth between a conscientious parent and young male adolescent."  (R. 31).[1]  In addition, as recognized by both the ALJ and the Magistrate Judge, plaintiff was never diagnosed with ADD or a related condition and had never been given any medication to assist with concentration or behavioral issues.  (R. 133, 251-252).  Accordingly, the ALJ properly cited to substantial evidence that plaintiff's lack of concentration and other refusal to complete tasks on time resulted not from a medically determinable impairment, but rather from normal attitude or behavioral issues common in other adolescent boys.  (R. 31).  See 20 C.F.R. § 416.926a(b) ("We will look at how appropriately, effectively,

---

1.   Plaintiff's related argument that the ALJ failed to provide an analysis of Mr. Santilla's credibility and, thus, could not rely on it is discussed in greater detail below.

and independently you perform your activities compared to the performance of other children

your age who do not have impairments."). Finding nothing more than a moderate limitation in

the domain of attending and completing tasks, the Court adopts the Magistrate Judge's report

with respect to this domain.

### 3.      Interacting and Relating with Others

In his third challenge, plaintiff contends that the ALJ improperly rejected Dr.

Walsh's opinion that plaintiff suffered marked impairments in four of the eight elements in the

domain of interacting and relating with others. Again, the Court finds no reason to depart from

the Magistrate Judge's analysis of this issue.

First, plaintiff contests the ALJ's reliance on the opinion of state agency physician

Dr. Reid, who determined that plaintiff had no evidence of a limitation in this area and was

cooperative and polite. While Dr. Reis did not see any records after January of 2005, he was

privy to the multiple incidents from 2003 to 2004, wherein plaintiff was given several detentions

and in-house suspensions. (R. 181-186). Nonetheless, Dr. Reis found that such events did not

rise to the level of a marked impairment. Accordingly, the ALJ was entitled to rely upon this

opinion.

Moreover, plaintiff contends that the ALJ failed to cite to other substantial

evidence supporting the ALJ's opinion. As addressed by the Magistrate Judge, however, there

are no records reflecting incidents after September of 2004, other than some testimony from Mr.

Santilla that plaintiff unknowingly applied a racist tattoo which angered some of the students in

the school and that plaintiff had shown disrespect to his summer mentor, causing him to be

kicked out of the program.  (R. 246, 248).  Further, according to Mr. Santilla's questionnaire,

plaintiff was good in one-to-one relationships with his family, got along well with teachers and

maintained one to two steady friends.  (R. 87-88).

Finally, plaintiff contests the ALJ's reliance on the fact that the IEP's developed

for plaintiff did not contain sections on social problems.  Plaintiff argues that it is improper to

rely upon the absence of a "social problems" section of an IEP to establish that none existed.

This absence, however, is remarkable in that had plaintiff's limitation in this area been anything

more than moderate, it would likely have been addressed by the IEP team.[2]  The Court therefore

rejects this portion of plaintiff's objections.

>     **B.**     **Whether ALJ Erred by Failing to Provide a Credibility Finding for Plaintiff
>     or His Uncle**

In his final objection, plaintiff claims that the ALJ neglected to provide a

credibility assessment for either of witnesses.  At no point did he set forth whether he actually

credited Santilla's and plaintiff's testimony and on what basis he did so.  Accordingly, plaintiff

asserts that a remand is necessary for a more detailed analysis.

While this Court agrees that the credibility analysis is far from thorough and

should have contained more explicit reasons for acceptance or rejection of the various testimony,

we believe that the opinion is "sufficiently specific to make clear to the individual and to any

subsequent reviewers the weight the adjudicator gave to the individual's statements and the

reasons for that weight."  Schwartz v. Halter, 134 F. Supp.2d 640, 654 (E.D. Pa. 2001) (quoting

---

2.   It is notable that the IEP did include one behavioral program modification, which stated that "During a conflict, Mike will write 2 appropriate solutions to handle the situation."  (R. 100).  This entry suggests that, in the event of a more marked limitation, the IEP team would have included more program modifications.

Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A. 1996); Schaudeck v. Commissioner of

Social Security Administration, 181 F.3d 429, 433 (3d Cir. 1999)).  As noted by the Magistrate

Judge, the ALJ discussed Santilla's testimony at length and considered his individual statements

throughout the course of the opinion.  Such a discussion, while perhaps slightly deficient in

substance, makes sufficiently clear which portions of Santilla's testimony were credited and why.

Accordingly, the Court sees no basis for remand.

## II.  CONCLUSION

For the reasons stated above, the Court approves and adopts the Magistrate

Judge's Report and Recommendation.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SANTILLA, | : | CIVIL ACTION |
| o/b/o M.A. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 06-3075 |
| MICHAEL J. ASTRUE, COMMISSIONER | : | |
| OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 7th day of November, 2007, upon consideration of Plaintiff's

Request for Review (Docket No. 10), the Report and Recommendation of United States

Magistrate Judge Jacob P. Hart (Docket No. 13),  Plaintiff's Objections thereto (Docket No. 14),

and a careful review of the entire record, it is hereby **ORDERED** that the Report and

Recommendation is **APPROVED** and **ADOPTED**.  Judgment is entered on behalf of Defendant

and against Plaintiff.

This case is now **CLOSED.**

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.